UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JAMES PHILLIP RIFE and<br>SAMANTHA JANE RIFE<br>    Debtors | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>    Movant | : | |
| vs. | : | |
| JAMES PHILLIP RIFE and<br>SAMANTHA JANE RIFE<br>    Respondents | : | CASE NO. 1-24-bk-01425 |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 15th day of August, 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. The Trustee objects to the following expenses as excessive: $685.00 a month for heat/electricity; $595.00 a month for telephone; $2,200.00 a month for food; $1,180.00 a month for transportation; $250.00 a month for entertainment; $560.00 a month for vehicle insurance. Furthermore, the debtors fail to contribute their entire monthly net income to their plan.

2. Failure to properly state the liquidation value in Section 1B of the plan.

3. Debtors' plan violates 11 U.S.C. § 1325(a)(3) in that it has not been proposed in good faith. The debtors fail to list any income from debtor #2's businesses. If they operate at a loss to the detriment of unsecured creditors, they should not continue to operate.

4. The Trustee avers that debtors' plan is not feasible based upon the following:

   a. The plan is underfunded relative to claims to be paid.   (Even if IRS claim is reduced to $0.)
   b. Secured claims not in plan – Claim #12.

5. The debtors have not demonstrated that all tax returns have been filed as required by § 1325(a)(9) – 2021, 2022 and 2023 local; 2022 and 2023 federal.

6. Trustee avers that debtors' plan cannot be administered due to the lack of the following:

   a. Pay stubs for the months of June and July for Debtor #1.
   b. Profit and Loss Statement for six (6) months – February through July 2024, for all businesses.
   c. The Trustee requests evidence of $7,000.00 a month "side work" income.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

        AND NOW, this   19th   day of August, 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Gary Imblum, Esquire
4615 Derry Street
Harrisburg, PA   17111

                                              /s/Deborah A. DePalma
                                              Office of Jack N. Zaharopoulos
                                              Standing Chapter 13 Trustee