IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| JAMES PHILLIP RIFE | : | CASE NO. 1:24-bk-01425-HWV |
| aka JAMES P. RIFE | : | |
| SAMANTHA JANE RIFE | : | CHAPTER 13 |
| aka SAMANTHA J. RIFE, | : | |
| aka SAMANTHA J. GAULRIFE | : | |
| aka SAMANTHA JANE GAUL | : | |
| Debtors | : | |
| | : | |
| | : | |
| SELECT PORTFOLIO SERVICING, INC: | | |
| Movant | : | |
| | : | |
| v. | : | |
| JAMES PHILLIP RIFE | : | |
| SAMANTHA JANE RIFE | : | |
| JACK N. ZAHAROPOULOS | : | |
| Respondents | : | |

**DEBTORS' RESPONSE TO MOTION OF
SELECT PORTFOLIO SERVICING, INC.
FOR RELIEF FROM THE AUTOMATIC STAY**

**AND NOW,** come Debtors, James Phillip Rife and Samantha Jane Rife, by and through her attorney, Gary J. Imblum, and respectfully respond as follows:

1. Admitted.

2. Admitted

3. Admitted in part and denied in part. The note speaks for itself. Strict proof is demanded.

4. Admitted in part and denied in part. The mortgage speaks for itself. Strict proof is demanded.

5. Admitted in part and denied in part. The allegations of paragraph 5 call for a conclusion of law. No response is required. Strict proof is demanded.

6. Admitted in part and denied in part. The assignment speaks for itself. Strict proof is demanded that Movant is proper party to these proceeding.

7. Admitted.

8. Admitted in part and denied in part. See response to paragraph 6.

9. Admitted in part and denied in part. The post-petition arrearage through September 2025 is included for payment in Debtors' 3rd Amended Plan. An Order granting the Motion to Amend Plan (3rd Amended Plan) was entered on February 4, 2026. Therefore, Debtors admit to a post-petition arrearage including payments due December 2025 and January 2026 and February 2026 which are not included in the Plan for payment. Debtors intend to bring the post-petition arrearage current in the near future.

10. Denied. See response to paragraph 9.

11. Admitted in part and denied in part. Debtors have no knowledge as to the current unpaid principal balance or the total pay off. Strict proof is demanded.

12. Admitted.

13. Admitted in part and denied in part. The allegations of paragraph 13 are conclusions of law to which no response is required. Strict proof is demanded.

14. Admitted.

15. Denied. There is an abundance of equity in subject real estate providing adequate protection to the Movant. The Real Estate is worth $207,450.00 in accordance with the market analysis attached to the Schedules. Debtor believes and hereby avers that the Movant holds the first mortgage on the property. According to Claim 35, the balance owed on same at the time of the filing was $44,977.82. However, even if Movant holds the second mortgage, the proof of claim filed by PNC as to the other mortgage shows a balanced owed as of the time of filing of the bankruptcy as $37,119.11. (See Amended Claim 15) Either way there is an abundance of equity providing

adequate protection to Movant.

16. Denied. There is no reason why Rule 4001(a)(4) should be waived.

**WHEREFORE**, Debtor/s respectfully request/s that this Honorable Court issue an Order denying the Motion for Relief From Stay.

Respectfully submitted,

Gary J. Imblum
Attorney I.D. No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
Attorney for Debtors

DATED: 2/10/26

# CERTIFICATION OF SERVICE

I, Sharlene R. Miller, Paralegal, do hereby certify that I have served a copy of the foregoing DEBTORS' RESPONSE TO MOTION OF SELECT PORTFOLIO SERVICING, INC. FOR RELIEF FROM THE AUTOMATIC STAY upon the following persons by E-Service or by United States Mail, first class, postage prepaid, at Harrisburg, Dauphin County, Pennsylvania, addressed to:

JACK N. ZAHAROPOULOS, ESQUIRE
CHAPTER 13 TRUSTEE
VIA E-SERVICE

MICHELLE L. MCGOWAN, ESQUIRE
COUNSEL FOR MOVANT
VIA E-SERVICE

IMBLUM LAW OFFICE, P.C.

Sharlene R. Miller, Paralegal
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
For Debtors

DATED: 2/11/2026